UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 OCT 15 P 4: 15

U.S.

LIONEL DELEON
CHRISTOPHER SHUCKRA[1]

                                           PRISONER
    V.                           CASE NO. 3:03CV154(PCD)

JAMES R. SWARD
GERARD SMYTH
KENNETH W. SIMON

RULING AND ORDER

Plaintiff DeLeon, currently an inmate at the Willard
Correctional Institution in Enfield, Connecticut, brings this
civil rights action pro se and in forma pauperis pursuant to 28
U.S.C. § 1915.  The plaintiff alleges that all three defendants
are attorneys in the Office of the Public Defender for the State
of Connecticut.  The plaintiff claims that Assistant Public
Defender Sward represented him in a state criminal matter.  The
plaintiff alleges that Attorney Sward's representation was
deficient.

For relief, the plaintiff seeks monetary damages.  For the
reasons set forth below, the complaint is dismissed.

The plaintiff has met the requirements of 28 U.S.C.

---

[1]  On July 2, 2003, the court dismissed plaintiff Shuckra's
claims because he failed to comply with the court's order to pay
the filing fee in this case.  Thus, the case proceeds only as to
plaintiff DeLeon's claims.

§ 1915(a) and has been granted leave to proceed in forma pauperis in this action.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915 (e)(2)(B)(i) - (iii).  Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary.  See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

"When an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915 (e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'"  Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Benitez, 907 F.2d at 1295).

> An action is "frivolous" when either: (1)
> "the 'factual contentions are clearly
> baseless,' such as when allegations are the
> product of delusion or fantasy;" or (2) "the
> claim is 'based on an indisputably meritless
> legal theory.'" Nance v. Kelly, 912 F.2d 605,
> 606 (2d Cir. 1990) (per curiam) (quoting
> Neitzke v. Williams, 490 U.S. 319, 327, 109
> S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).
> A claim is based on an "indisputably
> meritless legal theory" when either the claim
> lacks an arguable basis in law, Benitez v.
> Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990)
> (per curiam), or a dispositive defense

2

clearly exists on the face of the complaint.
See <u>Pino v. Ryan</u>, 49 F.3d 51, 53 (2d Cir.
1995).

<u>Livingston</u>, 141 F.3d at 437.  The court exercises caution in

dismissing a case under § 1915(e) because a claim that the court

perceives as likely to be unsuccessful is not necessarily

frivolous.  See <u>Neitzke v. Williams</u>, 490 U.S. 319, 329 (1989).

A district court must also dismiss a complaint if it fails

to state a claim upon which relief may be granted.  See  28

U.S.C. 19159e)(2)(B)(ii) ("court shall dismiss the case at any

time if the court determines that . . . (B) the action or appeal

. . . (ii) fails to state a claim upon which relief may be

granted"); <u>Gomez</u>, 202 F.3d at 596 ("Prison Litigation Reform Act

. . . which redesignated § 1915(d) as § 1915(e) [] provided that

dismissal for failure to state a claim is mandatory").  In

reviewing the complaint, the court "accept[s] as true all factual

allegations in the complaint" and draws inferences from these

allegations in the light most favorable to the plaintiff.  <u>Gomez</u>,

202 F.3d at 596 (citing <u>King v. Simpson</u>, 189 F.3d 284, 287 (2d.

Cir. 1999)).  Dismissal of the complaint under 28 U.S.C.

1915(e)(2)(B)(ii), is only appropriate if "'it appears beyond

doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief.'"  <u>Id.</u> at 597

(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  In

addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted. Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

A district court is also required to dismiss a complaint if the plaintiff seeks monetary damages from a defendant who is immune from suit.  See 28 U.S.C. § 1915(e)(2)(B)(iii) ; Spencer v. Doe, 139 .3d 107, 111 (2d Cir. 1998) (affirming dismissal pursuant to § 1915(e)(2)(B)(iii) of official capacity claims in § 1983 action because "the Eleventh Amendment immunizes state officials sued for damages in their official capacity").

In order to state a claim for relief under § 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law.  Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

In the instant case, plaintiff does not allege any facts to indicate that Attorney Sward was acting under color of state law when he failed to effectively represent the plaintiff in a state

4

criminal case.   Absent special circumstances suggesting concert of action between an attorney and a state representative, an attorney's representation of a defendant in a state criminal proceeding does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983 against the attorney even if the attorney was appointed by the court or employed as a public defender.   See Polk County v. Dodson, 454 U.S. 312, 318, 325 (1981) ("public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant"); Housand v. Heiman, 594 F.2d 923, 924-25 (2d Cir. 1979) (public defenders and court-appointed attorneys do not act under color of state law); Malachowski v. Keene, 787 F.2d 704, 710 (1st Cir.) (court-appointed private attorney does not act under "color of state law") cert. denied, 479 U.S. 828 (1986); McArthur v. Bell, 788 F. Supp. 706, 710 n. 1 (E.D.N.Y. 1992) ("private attorney representing a client in either a civil or criminal action is not a state actor" unless he conspires with state actors).

The plaintiff alleges that Attorney Sward is an Assistant Public Defender who represented him in a state criminal matter. He claims that Attorney Sward failed to effectively represent him during the criminal proceeding.   As an assistant public defender, Attorney Sward is clearly not a state actor under section 1983. See Polk County, 454 U.S. at, 325;   Housand, 594 F.2d at 924-25;

Malachowski, 787 F. 2d at 710.  Furthermore, the plaintiff does not allege that Attorney Sward engaged in an agreement or conspiracy with state officials to deprive the plaintiff of his rights.

Because neither a public defender or a court-appointed attorney acts under color of state law while representing a party in a criminal action, Attorney Sward is immune from liability under section 1983.  Accordingly, there is no legal basis for a civil rights action against Attorney Sward.  See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(i).

The only allegations against Attorney Smyth is that he is the Chief Public Defender.  The only allegation against Attorney Simon is that he is employed by the Office of the Public Defender.

It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation.  See Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987); McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978).  The doctrine of respondeat superior is not applicable in section 1983 cases.  See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 692-95 (1978).  See, e.g., Fisher v. Roberts, No. 90-

0237-BH-M, 1990 U.S. Dist. LEXIS 6291, at *3-4 (S.D. Ala. Apr.
26, 1990) (section 1983 action based on respondeat superior not
cognizable under Monell and subject to dismissal under Neitzke
and section 1915(d), now section 1915(e)), adopted, 1990 U.S.
Dist. LEXIS 6295 (S.D. Ala. May 24, 1990).

A supervisory official who has not directly participated in
the conduct complained of may be found personally involved in the
deprivation of an inmate's rights in other ways.  For example, he
may have failed to remedy the wrong after the violation was
brought to his attention through a report or appeal; created, or
permitted to continue, the policy or custom pursuant to which the
alleged violation occurred; or been grossly negligent in managing
officials under his supervision who caused the unlawful incident.
See  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citing
Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

The plaintiff does not allege that Attorney Smyth or Simon
were directly involved in his representation in the criminal
proceeding or that they were aware of the criminal proceeding.
It is apparent that the plaintiff has named Chief Public Defender
Smyth because of his supervisory position.  The mere fact that
this defendant holds a position of authority is insufficient to
demonstrate his personal involvement in the incident giving rise
to this action.  Because the complaint contains no allegations
demonstrating the involvement of defendants Smyth or Simon in the

7

plaintiff's state criminal matter, the claims against both defendants are dismissed.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

Conclusion

The complaint is DISMISSED.  See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  It is certified that any appeal in forma pauperis from this order would not be taken in good faith because such an appeal would be frivolous.  See 28 U.S.C. § 1915(a).

SO ORDERED this _14th_ day of _October_, 2003, at New Haven, Connecticut.

_____
Peter C. Dorsey
United States District Judge